Bradford *v.* The State.

HANDY BRADFORD *v.* THE STATE.

CRIMINAL LAW. *Larceny. Severance. Asportation.* Where, on an indict-
ment for larceny in stealing corn from the stalk and carrying it
away, the evidence showed that the corn was pulled, thrown into
piles, taken to a ditch in another man's field, and then removed, the
court charged the jury: "In regard to things once a part of the
realty, it must be proved that they were severed from the realty be-
fore the act of larceny was committed upon them. If the severance
and asportation were one continued act of the prisoner, it was only a
trespass; but if the severance was the act of another person, or if,
after severance by the prisoner, any interval of time elapsed, after
which he returned and took the articles away, the severance and as-
portation being two distinct acts, it is larceny. And it is immaterial
whether the prisoner went off the soil or field where the corn was be-
tween the severance and asportation, if the severance and asportation
were made by the prisoner, and if they were two separate and distinct
transactions or acts." *Held,* that the charge was correct.

FROM HAYWOOD.

Appeal in error from the Circuit Court of Hay-
wood county. J. T. CARTHEL, J.

BOND & LEIGH for Bradford.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The defendant was convicted, in the circuit court
of Haywood county, of larceny, and sentenced to two
years' confinement in the penitentiary, and has ap-
pealed to this court.

The admitted facts are, that in September, 1880,

some ten to fifteen bushels of corn were taken from the growing crop of the prosecutor Johnson, in Haywood county, worth fifty cents per bushel. The ears were slip-shucked, and the impressions on the ground were such as indicated that the corn had been pulled and thrown into piles, and then taken up. Tracks lead f om these piles to a ditch in a neighboring field belonging to another man, to which the corn had been carried, and from thence a track of a wagon was discovered, in which the corn was supposed to have been taken away. The prisoner tried to get two persons to haul the corn from this ditch, and he sold corn in Brownsville about this time, and told two witnesses that he got the corn from prosecutor's field. It was further proved that, between the place where the corn was pulled and the ditch in which it was deposited, a piece of cloth was found, which corresponded in character of cloth, size, etc., to a patch on prisoner's breeches which was torn out of the patch. The only tracks around the field and leading therefrom to the ditch, were the tracks of a man. One pile of corn was left in the field, and a few ears in another part of the field where there had been a pile.

It is insisted that the judgment below should be reversed upon the ground of error in the charge of the court.

His Honor, the Circuit Judge, charged, amongst other things not excepted to, as follows: "In regard to things once a part of the realty, it must be proved that they were severed from the realty before the act of larceny was committed upon them. If the sever-

ance and asportation were one continued act of the prisoner, it is only a trespass; but if the severance were the act of another person, or if, after severance by the prisoner, *any* interval of time elapsed, after which he returned and took the articles away, the severance and asportation being two distinct acts, it is larceny. And it is immaterial whether the prisoner went off the soil or field where the corn was, between the severance and asportation, if the severance and asportation were made by the prisoner, and if they were two separate and distinct transactions or acts." Leaving it to the jury to determine whether the severance and asportation were one continuous act, or two distinct acts, under the instructions first given.

Counsel for the prisoner insists that the evidence should show that the accused left the premises after the severance and returned and took the goods away.

We are of opinion, however, that the charge of the court was correct, and is fully sustained by reason and authority. The first part of the charge is in the language of the latter part of sec. 163 of 3 Gr. Ev., and that part of it subsequently given, and which is the part especially excepted to, is fully sustained in 2 Bish. C. L., sec. 782. The law requires only that the acts of severance and asportation should be distinct and not one continuous act. It is not necessary, therefore, that the one act should be done to-day and the other to-morrow, to make them distinct. But if the severance is completed, and the goods are not then immediately carried away, and the goods are afterwards carried off, after such lapse of time as to

make the asportation a distinct and not continued act, the offense would be complete. And no particular time is necessary; all that is required is that the two acts be so separated by time as not to constitute one transaction.

We are of opinion that the facts in this case sustain the conviction of larceny, as it appears, from the quantity of corn removed by only one person, that the prisoner must have made repeated trips from the field to the ditch in removing the corn.

The judgment will be affirmed.